[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 94-461224
Keith Dubay Defense Counsel, for Petitioner.
Anne Mahoney Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
The then 46 year old petitioner was convicted, following a jury trial, of 37 counts of larceny, 6th degree (§ 53a-125b (a); 5 counts of credit card theft (§ 53a-128c (a) and 18 counts of forgery, 2nd
degree (§ 53a-139 (a)(1) and (3), and was sentenced to a total effective sentence of 12 years imprisonment to run consecutively to a sentence of 7 1/2 years he was then serving. On appeal the conviction on one count of credit card theft was reversed, however the effective sentence of 12 years was not affected by that Connecticut Supreme court decision. State v. Love, 246 Conn. 402 (1998).
The factual basis for his convictions reported in State v. Love, supra, is as follows:
 On May 6, 1994, the Windsor police arrested Mary CT Page 6571 Poteat for attempting to cash a stolen check. Poteat told the police that the defendant had provided her with false identification cards and stolen checks, and that she had seen him forge birth certificates at his residence. On the basis of this information, the police obtained and executed a search warrant for the defendant's residence at 385 Sigourney Street in Hartford. The police seized a duffel bag and a briefcase containing numerous birth certificates, social security cards, telephone calling cards, check cashing and automated teller machine cards, drivers' licenses, checks and other miscellaneous cards and documents. The defendant's photograph was found on several pieces of forged identification.
 At trial, numerous witnesses testified about the hundreds of items that had been discovered at the defendant's home.
The victims generally testified that their mail was stolen or items taken from their workplace and forged checks were used to get money from their accounts.
Petitioner's counsel argues that the assistance state's attorney made a vitriolic attack on the petitioner's character at the sentencing hearing and that the inflammatory comments influenced the judge to impose an inappropriately severe sentence for what were non-violent offenses. The petitioner argues that the court did not give sufficient consideration to the fact that he is a drug addict and his crimes were due to that circumstance.
This Division has reviewed the comments of the sentencing court. We agree with the state's attorney at the review hearing that the sentencing court was not influenced by any intemperate language. The Court was influenced, however, by the lengthy criminal record from 1968 to the present time with approximately 25 felony convictions. Numerous attempts at probationary sentences were unsuccessful and the petitioner has clearly made a career out of criminal behavior. There is very little reason to think the petitioner will ever conform his conduct to lawful pursuits and the community is entitled to be protected from him.
The State at sentencing had asked the Court to impose a 25 year sentence and at the review hearing, asked the Division to consider increasing the sentence. While the petitioner did get all possible consideration from the sentencing Court, and there is no justification to reduce the sentence, we conclude the sentence was within parameters of CT Page 6572 reasonableness and proportionality as directed by Practice Book § 43-28.
Accordingly, the sentence is affirmed.
(In this case, the petitioner, with the assistance of counsel, expressly waived his right to a hearing before a three judge panel).
Klaczak and O'Keefe, J.s, participated in this decision.